UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SUNRAY MIRABEL,

                              Plaintiff,

                     -against-

CITY OF NEW YORK; Det. YURIY
MANZUROV, Shield No. 6399, Det. DOMINICK
CIARAVINO, Shield No. 3681,  Lt. MAGGIE
CLAMP, Tax Id. 940990 and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

18-CV-6597 (CBA)(RER)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Sunray Mirabel ("plaintiff") is a resident of Kings County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants Det. Yuriy Manzurov, "Manzurov", Det. Dominick Ciaravino, "Ciaravino",  Lt. Maggie Clamp, "Clamp", were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.      At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 6:00 a.m. on March 4, 2017, plaintiff was sleeping at his girlfriend Patricia Woods's apartment at 124 Bush Street, Apartment 1A in Brooklyn, N.Y., when P.O. Does, including and Clamp,  kicked in the door claiming they had a warrant.

12.      Plaintiff was handcuffed and placed in a police van. Plaintiff, was ultimately taken to the police precinct.

13.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff committing a crime.

14.     At no point did the officers observe plaintiff doing anything illegal.

15.     Ultimately, plaintiff was taken to Brooklyn Central Booking.

16.     After about twenty-four hours in custody plaintiff was released without seeing a judge.

17.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
#### 42 U.S.C. § 1983

18.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

19.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

20.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

21.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

**23.**     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THRID CLAIM

### Failure To Intervene

24.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

26.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

## FOURTH CLAIM
### Monell Claim

27.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

29.     The aforementioned customs, policies, usages, practices, procedures, and rules of the NYPD included, but were not limited to, police officers: failing to report

misconduct of other officers; unlawfully searching individuals and arresting individuals; and unlawfully seizing an individual's personal property.

30. In addition, the City engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the City to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

31. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiffs.

32. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

33. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

34.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, plaintiff was subjected to an illegal search and unlawfully arrested.

35.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

36.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

37.     To be free from false arrest/unlawful imprisonment;

38.     To be free from unreasonable search and seizure;

39.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.


DATED:      January 15, 2019
            New York, New York

_____/s_____
Robert Marinelli
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*